(173 App. Div. 422)

PEOPLE v. PAGE.

(Supreme Court, Appellate Division, Third Department.   June 30, 1916.)

FISH ☞13(2)—SET LINES—CRIMINAL PROSECUTION.
   Under Conservation Law (Consol. Laws, c. 65) §§ 176, 182, as amended
by Laws 1913, c. 508, prohibiting, and providing a penalty for, the use of
a set line for the purpose of taking fish, and that any person aiding in
any manner in the prohibited act shall be deemed to have violated sec-
tion 176, where defendant placed minnows on lateral lines attached at
intervals to a fixed line extended across a lake, he was guilty of a vio-
lation of the statute, whether or not any fish were caught.

   [Ed. Note.—For other cases, see Fish, Cent. Dig. § 23;  Dec. Dig.
☞13(2).]

   Howard, J., dissenting.

Appeal from Trial Term, Fulton County.

Silas Page was acquitted of a violation of Conservation Law, §§ 176,
182.   From the judgment, and from an order denying a motion for a
new trial, the People appeal.   Reversed, and judgment ordered against
the defendant.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOOD-
WARD, and COCHRANE, JJ.

Egburt E. Woodbury, Atty. Gen., and William T. Moore, Asst.
Deputy Atty. Gen., for the People.

COCHRANE, J.   This is an action to recover a penalty of $60
against the defendant for using a set line in the waters of Mud Lake,
in the county of Hamilton, on or about June 14, 1915, contrary to the
provisions of sections 176 and 182 of the Conservation Law.   Laws
of 1913, c. 508.

In the fore part of June, 1915, the defendant made a fish line by
doubling a quantity of ordinary binding twine.   This line, when made,
he wound on a salmon can and kept in his house several days.   It then
disappeared from the house, and the same line, or one so nearly like
it as not to be distinguishable, was seen in the waters of Mud Lake.
It extended all the way across the lake about 80 rods.   It was fastened
at the ends, and to it at intervals were attached lateral lines with hooks.
A daughter of the defendant testified to the foregoing facts, and also
that she went fishing with her father in a boat on the lake, and that
she saw the line there, and that her father put minnows on the hooks.
No fish seem to have been caught at that time.   Two or three days
thereafter the defendant brought home lake trout, such as inhabited
the lake in question, and gave them to his daughter, and some were
sold.   This was between June 5th and June 10th.   On June 14th the
defendant, with his son, were seen by two witnesses to row out on
the lake in the location where the line was set, stopping at intervals
as if to make an examination thereof.   These witnesses on the fol-
lowing day removed the line from the water, and it was subsequently
turned over to a game protector of the state.   The defendant was not
a witness and offered no testimony.

The uncontradicted testimony, therefore, shows that the defendant was using a set line for the purpose of taking fish in direct contravention of section 176 of the Conservation Law. It is not necessary to subject a person to the penalty that fish should actually be caught. It is the use of the set line for the purpose of taking fish that constitutes. the liability. Said section 176 further provides:

"Any person aiding in any manner in such prohibited acts shall be deemed to have violated this section."

The placing of minnows by the defendant upon such a line or device, constructed as this was and under the circumstances disclosed by the testimony, permits no inference other than that the purpose of the defendant was to take fish from the lake in a manner condemned by the statute. The testimony being uncontradicted that the defendant was unlawfully fishing, the trial justice should have granted the motion of the plaintiff to direct a verdict against the defendant for the amount of the penalty.

The judgment and order should be reversed, with costs, and judgment ordered against the defendant for $60, besides costs. All concur,. except HOWARD, J., who dissents.